IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) Case Nos. | 12-CR-20126-002 (Criminal) |
| v. ) | 14-CV-2199 (Civil) |
| ) | |
| **TONY ROGERS,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

### MEMORANDUM AND ORDER

This matter is before the court on defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 67). For the reasons stated below, the court denies the motion.

### I. FACTUAL BACKGROUND

Defendant was charged under 18 U.S.C. §§ 2421 and 2 with transportation of an individual in interstate commerce with the intent that such individual engage in prostitution. On December 12, 2012, defendant entered into a plea agreement with the government and pled guilty to the charge. (Doc. 26.) In his plea agreement, defendant agreed that he drove co-defendant (Danyelle Putnam) and "K.C." from Independence, Missouri, to Prairie Village, Kansas, with the intent that K.C. engage in prostitution. (*Id.*) The plea agreement did not reference K.C.'s age.

A Presentence Report (PSR) was prepared and filed (Doc. 40). The PSR stated that the victim, K.C., was a juvenile. (*Id.* ¶ 18.) The defendant never disputed this fact, nor did he object to the PSR, which stated that the defendant "admitted the essential elements of the crime charged" and also that the "offense involved commission of a sex act." (*Id.* ¶¶ 20, 23, 91.) The PSR further stated that "[t]he defendant shall register as a sex offender," (*id.* ¶ 76), to which defendant also did not object. In a

-1-

sentencing memorandum filed by defendant, he acknowledged that he "assisted the codefendant in transporting the 17-year-old foster home runaway to engage in interstate prostitution."  (Doc. 47.)

On June 10, 2013, the court sentenced defendant to 57 months' imprisonment and 2 years of supervised release.  (Doc. 55.)  The court also ordered that defendant "register as a sex offender" upon his release from custody.  (*Id.*)  Defendant did not directly appeal his conviction or sentence.

On April 28, 2014, defendant filed this motion pursuant to 28 U.S.C. § 2255,[1] arguing that his attorney provided ineffective assistance of counsel, claiming he "should not have [been] required to register as [a sex offender]."  (Doc. 67.)

**II. LEGAL STANDARDS**

The court applies the standard identified in *Strickland v. Washington*, 466 U.S. 668 (1984), when determining whether a habeas petitioner's counsel provided ineffective assistance.  *See Romano v. Gibson*, 278 F.3d 1145, 1151 (10th Cir. 2002) (applying *Strickland*).  Under *Strickland*, a petitioner bears the burden of satisfying a two-pronged test in order to prevail.

First, he must show that his attorney's "performance was deficient" and "fell below an objective standard of reasonableness."  *Strickland*, 466 U.S. at 687–88.  The court affords considerable deference to an attorney's strategic decisions and "recognize[s] that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."  *Id.* at 690.

Second, a habeas petitioner must demonstrate prejudice, which requires a showing that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.*  But, despite the existence of two prongs, "there is no

---

[1] The court is mindful of defendant's pro se status and liberally construes his pleadings.  *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) ("Finally, because Pinson appears pro se, we must construe his arguments liberally; this rule of liberal construction stops, however, at the point at which we begin to serve as his advocate.").

reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the [petitioner] makes an insufficient showing on one. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Id.* at 697.

### III.  ANALYSIS

#### A.  Defendant cannot satisfy the prejudice prong of the Strickland test.

Defendant claims that he received ineffective assistance of counsel because, he argues, he should not have to register as a sex offender.  (Doc. 67.)  While the court is unclear as to how defendant claims his attorney provided ineffective assistance of counsel, it appears defendant is claiming his counsel should have argued at sentencing that he should not be required to register as a sex offender.  Defendant argues that the charged offense neither "involve[d] a sexual act" nor was "perpetuated against a minor."  (*Id.*)  The court finds defendant's arguments unpersuasive because, even if his counsel had argued that defendant should not have been required to register as a sex offender, the result of defendant's proceeding would have been the same for two reasons: 1) defendant admitted that the offense involved a minor; and 2) defendant's attempt to facilitate a sex act is sufficient to require him to register as a sex offender.  As a result, defendant cannot satisfy the prejudice prong of the *Strickland* test.

##### 1.  Defendant must register as a sex offender because he admitted that he transported a minor to engage in prostitution.

The Sex Offender Registration and Notification Act (SORNA) requires a person guilty of certain federal offenses to register as a sex offender.  42 U.S.C. §§ 16901–16902.  SORNA defines a "sex offender" as an "individual who was convicted of a sex offense."  *Id.* § 16911(a)(1).  A "sex offense" is any attempt, conspiracy to commit, or commission of either "a criminal offense that has an element involving a sexual act or sexual contact with another" or "a criminal offense . . . against a

minor." *Id.* § 16911(a)(5)(A)(i)–(ii).  Under SORNA's expansive definition, an "offense against a minor" may include the use of the internet to attempt or facilitate criminal sexual conduct involving a minor, soliciting a minor to practice prostitution, or "any conduct that by its nature is a sex offense against a minor."  *Id.* § 16911(a)(7).

Here, defendant is required to register as a sex offender because he committed a criminal offense against a minor by transporting a seventeen-year-old girl to "engage in prostitution."  *Id.*; 18 U.S.C. § 2422(b); *United States v. Jones*, 748 F.3d 64, 72 (1st Cir. 2014) (explaining that a sex offender does not escape the registration requirement when the offender admits that the victim was a minor).  Here, defendant agreed in his guilty plea that he facilitated criminal sexual conduct by providing transportation to K.C. to engage in prostitution.  Additionally, and significantly, the PSR expressly referenced that KC was a minor and included the following clause: "[t]he defendant shall register as a sex offender."  (Doc. 40 ¶ 76.)  The court believes that defendant was aware that his offense involved a minor and would thus require defendant to register as a sex offender.  *See United States v. Vickers*, No. 13-CR-128-A, 2014 WL 1838255, at *11 (W.D.N.Y. May 8, 2014) (noting that the court must require a defendant to register as a sex offender when an offense involves a minor).

> **2. Even if defendant's offense had not involved a minor, defendant would still be required to register as a sex offender for attempting to facilitate prostitution.**

SORNA requires registration when a criminal offense has an element involving a sexual act or sexual contact with another.  42 U.S.C. § 16911(a)(5)(A)(i); *United States v. Daniels*, 653 F.3d 399, 410 (6th Cir. 2011) (explaining that transporting an individual for prostitution, minor or not, triggers the registration requirement).  However, SORNA does not require that the person convicted of the criminal offense actually participate in the sexual act or contact.  To trigger the registration requirement, it is enough that the person attempt or conspire to facilitate criminal sexual conduct.  42

-4-

U.S.C. § 16911(a)(5)(A)(v).  Were it otherwise, SORNA would have no effect on a person convicted of a sex trafficking offense unless that person also engaged in a sexual act with the trafficked victim.

In this case, defendant admitted that he "knowingly transported an[] individual . . . with the intent that such individual engage in prostitution," (Doc. 26),  and he never objected to the PSR finding that the offense involved a sex act.  (Doc. 40 ¶ 91.)  While defendant did not actually engage in a sexual act with K.C., he attempted to profit from illegally transporting her so that she could engage in prostitution.  Thus, under SORNA, defendant must register as a sex offender regardless of whether his offense involved a minor.  *See also United States v. Costanzo*, No. 8:10CR146, 2013 WL 4409160, at *9 (D. Neb. July 23, 2013) (holding that a "violation of 18 U.S.C. § 2421 clearly classifies the defendant as a sex offender").  As a result, defendant suffered no prejudice because he would have been required to register regardless of whether his counsel objected.

### B. Defendant has waived claims of ineffective assistance of counsel during sentencing.

Additionally, to the extent defendant claims ineffective assistance at sentencing, the court determines that his claim is barred.  In his plea agreement, defendant agreed to waive any right to collaterally attack the components of his sentence, except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001).  (Doc. 26 ¶ 13.)  Under *Cockerham*, a waiver of post-conviction rights does not waive claims of ineffective assistance of counsel "challenging the validity of the plea or the waiver."  237 F.3d at 1187.  In this circuit, "[t]he *Cockerham* exception only applies to ineffective assistance of counsel claims challenging the negotiation of the plea and waiver and does not apply to ineffective assistance of counsel claims challenging counsel's performance at sentencing."  *United States v. Akers*, 377 F. App'x 834, 836 (10th Cir. 2010) (per curiam) (unpublished); *see also United States v. Morrison*, 415 F. App'x 860, 863–64 (10th Cir. 2011).

Here, defendant does not allege that he received ineffective assistance of counsel during the plea negotiations, and he makes no allegation that his plea agreement, or the waiver included therein, was unlawfully obtained.  As such, the court finds the plea agreement is lawful, and, therefore, defendant's claim of ineffective assistance of counsel at sentencing is barred.

### C. Certificate of Appealability

The court will issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Under this standard, a defendant must show that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted).  The court is not convinced that its conclusions are debatable among reasonable jurists or that the issues presented merit further proceedings.  For the reasons stated above, the court finds that defendant has not made a substantial showing of the denial of a constitutional right.  The court declines to issue a certificate of appealability in accordance with Rule 11 as amended December 1, 2009.

**IT IS THEREFORE ORDERED** that defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody (Doc. 67) is denied.

Dated this 16th day of October, 2014, at Kansas City, Kansas.

s/ Carlos Murguia  
**CARLOS MURGUIA**  
**United States District Judge**